711 So.2d 349 (1998)
STATE of Louisiana
v.
Charinassa FAIRLEY.
No. 97 KA 1026.
Court of Appeal of Louisiana, First Circuit.
April 8, 1998.
*350 Doug Moreau, Baton Rouge, for Appellee State.
Amy C. Ellender, Mer Rouge, for Defendant/Appellant Charinassa Fairley.
Before FOIL, WHIPPLE and KUHN, JJ.
WHIPPLE, Judge.
Defendant, Charinassa Fairley, was charged by grand jury indictment with second degree murder of her husband, in violation of LSA-R.S. 14:30.1. She pled not guilty. Subsequently, defendant withdrew her plea of not guilty and entered a "best interest" plea of guilty (see North Carolina v. Alford, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970)) to the lesser included offense and responsive verdict of manslaughter, a violation of LSA-R.S. 14:31. In conjunction with the plea, defendant agreed to the imposition of a minimum sentence of 20 years at hard labor; the agreement did not include a cap on the maximum sentence that could be imposed.
The trial court sentenced defendant to 32 years at hard labor, with credit for time served. Thereafter, defendant sent a letter to the trial judge, asking that she be given "another chance." The trial court treated this letter as a motion to reconsider sentence and denied the motion without a hearing. Defendant now appeals, assigning as her sole assignment of error the imposition of an excessive sentence.

*351 FACTS
On June 11, 1996, Baton Rouge City Police responded to a call about a shooting. When they arrived at the Georgia Street home the officers found the victim, Leroy Fairley, outside the rear door of his residence. He had gunshot wounds to his head and subsequently died.
The defendant told officers that she found her husband bleeding and lying outside the rear door. During the investigation, detectives found a live bullet and a spent bullet casing in the living room. The officers then transported defendant to the police station for questioning and she was advised of her Miranda rights.
At first, defendant stated that her husband awoke about 4:00 a.m. to get ready for work. He went outside to smoke and put out the garbage, but did not return. Defendant stated she went to look for her husband and found him lying on the ground. She initially thought that he was "playing" but when she discovered that he was shot, she asked a neighbor to call the police.
The officers continued the interrogation and advised defendant that they had reason to believe that her husband had been shot inside their house. Defendant then stated that she found her husband shot inside the home; she dragged his body outside because she was afraid of being accused of the shooting.
During further questioning, defendant admitted to shooting her husband. She admitted that she and her husband had been arguing and fighting about his beating of her four-year-old son and Mr. Fairley's accusations of adultery. Defendant claimed that while they were lying in bed the victim held a gun in his hand and continued to threaten her. Finally she was able to grab the gun and she shot her husband. She dragged his body outside before asking a neighbor to call the police. Defendant was then arrested and booked for second degree murder of her husband.
As part of the factual basis, the assistant district attorney referred to events of January of 1996. During that month, the victim went to the police and showed them a sheet of paper he had discovered in the home he shared with defendant, then his girlfriend. The paper appeared to include an outline written by defendant detailing a plan to kill Mr. Fairley. The police conducted an investigation that included going to the couple's home. In the course of their investigation, the police found items in the home that were consistent with the plan and could be used to carry out the killing and hiding of the body. Defendant was not arrested at that time. Subsequently, the couple reconciled and married.

ARGUMENT AND ANALYSIS
In her sole assignment of error, defendant argues that the trial court imposed an excessive sentence. She contends that the court failed to adequately consider mitigating factors, such as defendant's lack of a prior criminal record, the victim's abuse towards the defendant and her children, and the fact that the victim was armed and had threatened defendant before the shooting. Defendant further contends that the court erroneously considered as an aggravating factor (and gave too much weight to) the fact that she had given inconsistent statements to the interrogating police and to the probation officer. As further support for her claim of excessiveness of the sentence, defendant cites four cases in which sentences for a manslaughter conviction ranged from 10 to 21 years.
In response, the state first argues that defendant cannot appeal her sentence because it was imposed in conformity with a plea agreement. Specifically, the state contends that defendant bargained for a particular sentencing range (20-40 years) and that the sentence imposed was within that range. Alternatively, the state argues that, in light of the offense, the sentence is not excessive and that the sentencing criteria were properly considered.

RIGHT TO APPEAL SENTENCE
Louisiana Code of Criminal Procedure article 881.2(A)(2) provides that a defendant cannot seek "review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time *352 of the plea." In State v. Young, 96-0195, p. 5 (La.10/15/96), 680 So.2d 1171, 1174, the Louisiana Supreme Court held that the legislature clearly intended that the prohibition in article 881.2(A)(2) was applicable to plea agreements involving sentencing caps as well as specific sentences. The Court recognized that article 881.2(A)(2) was passed in 1991 to help implement the sentencing guidelines. Further, although the guidelines were repealed, the Court noted they provide evidence of the legislative intent in the passage of article 881.2(A)(2). The Court noted that Comment (3) to the sentencing guidelines showed an intent to preclude review of all plea bargains that are set forth in the record. The Court further found support for the legislative intent in the sentencing guidelines manual, which states in the introduction that "a sentence in a particular case, which is acceptable to the prosecutor, defense counsel and the trial court, should not be subjected to scrutiny by a reviewing court." The Court then concluded that the legislature intended the prohibition to apply to both specific sentences and sentencing caps.
In the instant case, defendant agreed to a minimum sentence in excess of the minimum provided for in the statute. However, the transcript of the Boykin examination does not indicate that defendant and the state agreed to any "cap" or maximum sentence that could be imposed. In fact, when advising the defendant of the maximum sentence that could be imposed, the trial judge read the statute to defendant. The trial judge then stated that the range of the sentence would be between 20 and 40 years.
Thus, in the absence of a plea agreement as to the maximum sentence, and based on our interpretation of State v. Young, we find that the defendant is not precluded by LSA-C.Cr.P. art. 881.2(A)(2) from seeking review of the sentence imposed herein which was within the statutory limits and in excess of the minimum agreed upon sentence.

EXCESSIVE SENTENCE
In defendant's letter that the court treated as a motion to reconsider, defendant merely asked for "another chance." Normally, this court will not consider a sentencing argument made on appeal that was not raised in the lower court. Article 881.1(A)(2) of the Louisiana Code of Criminal Procedure requires that a motion to reconsider sentence state the specific ground on which the motion is based. A party is precluded from urging on appeal any ground that was not raised in the motion to reconsider. LSA-C.Cr.P. art. 881.1 D; see State v. Mims, 619 So.2d 1059 (La.1993) (per curiam); State v. Arbuthnot, 625 So.2d 1377, 1385 (La.App. 1st Cir.1993). Although there were no specific "grounds" for the motion to reconsider sentence, we deem it appropriate to address the excessiveness arguments made by defendant. Additionally, defendant raises issues regarding the sentencing court's consideration of the sentencing criteria.
The Louisiana Code of Criminal Procedure sets forth items that must be considered by the trial court before imposing sentence. LSA-C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the criteria. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990). In light of the criteria expressed by article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La. App. 1st Cir.1988). Thus, we will address this particular argument within the context of the excessiveness argument.
Article I, Section 20, of the Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. Although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). Generally, a sentence is considered excessive if it is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one's sense of justice. State v. Reed, 409 So.2d 266, 267 (La.1982). A trial *353 judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lanclos, 419 So.2d 475, 478 (La.1982).
At the time of the sentence, the trial court expressly stated that it considered the factors of LSA-C.Cr.P. art. 894.1. Furthermore, it is clear from the record that the court considered the sentencing criteria.
The court ordered, received and stated it had reviewed the entire pre-sentence investigation report prior to sentencing. In its reasons for sentencing, the court noted defendant's inconsistent statements to law enforcement officials concerning her actions in shooting her husband. The court referred to the fact that during defendant's interview with the probation officer after pleading guilty, defendant denied shooting her husband and claimed she was not present at the time of the offense. The court further noted defendant's lack of remorse until the day of the sentencing and the defendant's previous plan to kill her husband. In imposing the 32 year sentence, the court noted that a lesser sentence would deprecate the seriousness of the offense.
Defendant contends that the court erroneously considered defendant's statements after the plea and her lack of remorse. However, LSA-C.Cr.P. art. 894.1(B)(21) provides that the sentencing court may consider "any other relevant aggravating circumstance." Moreover, the court did consider mitigating factors. Prior to the sentence, the court noted defendant's classification as a first felony offender, defendant's lack of criminal history, eleventh grade education, and the hardship which her dependents would suffer if defendant was incarcerated. The court noted that the police had previously been called to the defendant's home during the relationship with her husband and that defendant had reported incidents of abuse by her husband on these prior occasions. The court also reviewed letters written by defendant and the victim's family.
Defendant contends the sentence was excessive, citing cases in which sentences for the same offense ranged from 10 to 20 years. However, in at least one of the cases cited by defendant, at the time that the 17 year sentence was imposed therein, the maximum applicable sentence for manslaughter was 21 years.[1]
It is proper to consider and cannot be ignored that defendant received a substantial benefit by virtue of her plea herein. In the instant case, defendant was originally charged with second degree murder, which provides for a mandatory sentence of life imprisonment. By pleading guilty to the lesser offense of manslaughter, defendant received the substantial benefit of a reduced sentence. Moreover, defendant's sentence was less than the maximum sentence of 40 years.
Considering the reasons stated by the trial court and based on the entire record before us, we find no abuse of discretion by the trial court in sentencing defendant to 32 years imprisonment at hard labor.
This assignment of error lacks merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] State v. Tarver, 521 So.2d 601 (La.App. 1st Cir.), writ denied, 525 So.2d 1056 (La.1988).