JgKUHN, J.
Defendant, Nathaniel Smith, was charged by grand jury indictment with second degree murder, a violation of La. R.S. 14:30.1. He pled not guilty. Subsequently, defendant entered into a plea agreement with the state. Consistent with the terms of the agreement, the state amended the bill and charged defendant with manslaughter (Count 1), a violation of La. R.S. 14:31, and with armed robbery (Count 2), a violation of La. R.S. 14:64. The state also agreed to maximum hard labor sentences of forty years for manslaughter on Count 1 and fifty years for armed robbery on Count 2.[1] After the trial court conducted a Boykin examination, it *352 accepted defendant’s guilty pleas to the offenses in both counts. The trial court ordered a pre-sentence investigation report. After delays, the trial court sentenced defendant to forty years at hard labor on Count 1 and fifty years at hard labor on Count 2. The sentences were to run concurrent.[2] Defendant filed a motion to reconsider, which was denied by the trial court. Defendant now appeals, urging as his sole assignment of error that his sentences were excessive.
Because there was no trial, the facts of this offense were obtained from the transcript of the Boykin examination and the pre-sentence investigation report (PSI) which were filed in the record. Defendant and the victim, Brad Shelby, who knew one another, each sold illegal drugs in Lafourche Parish. Prior to killing the victim, defendant learned that Shelby and another person planned to kill him. Defendant planned to kill the victim. Defendant lured Shelby to a cane field by telling Shelby that he had set up a drug sale. The men each stopped their vehicles on a dirt road in the cane field. Defendant exited his ^vehicle and fired shots at the victim. Defendant jumped on the hood of the victim’s vehicle and continued shooting. After the victim was shot and was lying on the ground, defendant shot him several more times. Before leaving, defendant took $200.00 and five rocks of crack cocaine from the victim’s pockets. Subsequently, defendant was arrested.
In his sole assignment of error, defendant contends the trial court erred in imposing excessive sentences and in denying his motion to reconsider his sentences. The state responds that defendant is precluded from appealing the sentences because they were imposed as part of a plea agreement that included a cap on the maximum sentences that could be imposed.
We agree with the state that defendant is precluded from seeking review of the sentences imposed. Louisiana Code of Criminal Procedure article 881.2(A)(2) provides a defendant cannot appeal or seek “review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” In State v. Fairley, 97-1026, pp. 4-5 (La. App. 1st Cir.4/8/98), 711 So.2d 349, 352, we stated:
In State v. Young, 96-0195, p. 5 (La.10/15/96), 680 So.2d 1171, 1174, the Louisiana Supreme Court held that the legislature clearly intended that the prohibition in article 881.2(A)(2) was applicable to plea agreements involving sentencing caps as well as specific sentences. The Court recognized that article 881.2(A)(2) was passed in 1991 to help implement the sentencing guidelines. Further, although the guidelines were repealed, the Court noted they provide evidence of the legislative intent in the passage of article 881.2(A)(2). The Court noted that Comment (3) to the sentencing guidelines showed an intent to preclude review of all plea bargains that are set forth in the record. The Court further found support for the legislative intent in the sentencing guidelines manual, which states in the introduction that “a sentence in a particular case, which is acceptable to the prosecutor, defense counsel and the trial court, should not be subjected to scrutiny by a reviewing court.” The Court then concluded that the legislature intended the prohibition to apply to both specific sentences and sentencing caps.
In the instant case, the record shows that defendant agreed to maximum sentences that could be imposed by the court for each of the offenses. The transcript of the Boykin examination indicates that *353 when it accepted defendant’s pleas, the trial court noted that it |4would sentence defendant on each count “up to a maximum of 50 years on the armed robbery and a maximum of 40 on the manslaughter” Additionally, at the sentencing hearing, defense counsel referred to the agreement and stated that there was a cap on the sentences. Thus, considering the plea agreement as to the maximum sentences which could be imposed, we find that defendant is precluded from seeking review of the sentences imposed.
CONVICTIONS AND SENTENCES AFFIRMED.

. The statutory máximums are forly years and ninety-five years for La. R.S. 14:31 and La. R.S. 14:64, respectively.

. Although the district court noted the sentence on Count 2 would be without benefit of parole, probation or suspension of sentence, the record does not reflect that the court actually imposed the sentence in this manner. However, the sentence is deemed to contain that provision. See La. R.S. 15:301.1, as enacted by 1999 La. Acts, No. 94, § 1, effective August 15, 1999.