822 So.2d 149 (2002)
STATE of Louisiana
v.
Joannes TERREBONNE.
No. 2001 KA 2632.
Court of Appeal of Louisiana, First Circuit.
June 21, 2002.
*150 Anthony G. Falterman, District Attorney by Donald D. Candell, Assistant District Attorney, Gonzales, for Appellee State of Louisiana.
Alan J. Robert, Gonzales, for Defendant/Appellant Joannes Terrebonne.
Before: FITZSIMMONS, DOWNING and LANIER,[1] JJ.
DOWNING, J.
Defendant, Joannes Terrebonne, was charged by bill of information with one count of aggravated incest in violation of LSA-R.S. 14:78.1. He entered a plea of not guilty and filed various pretrial motions. Subsequently, the defendant entered into a plea agreement with the state. In exchange for defendant's guilty plea to the charged offense, the state agreed to a maximum imprisonment sentence of five *151 years with restitution to the victim in an amount to be determined by the court. Defendant withdrew his former "not guilty" plea and pled guilty as charged. Following a Boykin examination, the trial court accepted the defendant's guilty plea and sentenced him to imprisonment at hard labor for five years without benefit of parole, probation, or suspension of sentence. The court also ordered that the defendant pay a $10,000 fine and $1,000 to the victim as restitution for psychological counseling. Defendant filed a Motion for Amendment, Modification, or Reconsideration of Sentence. The trial court denied the motion. Defendant timely filed this appeal.

FACTS
The factual basis for defendant's guilty plea, as recited by the trial court at the Boykin hearing, revealed that on or between June 1, 1996 through December 28, 1999, in the Parish of Ascension, Joannes Terrebonne did commit lewd fondling or touching of his biological granddaughter, a juvenile, done or submitted with the intent to arouse or satisfy his sexual desires. The defendant acknowledged that these facts were accurate.

ASSIGNMENT OF ERROR
In his sole assignment of error, Mr. Terrebonne argues that the trial court erred in imposing his sentence without benefit of parole, probation or suspension of sentence, in violation of Louisiana law. Specifically, he argues that the trial court exceeded its statutory authority in ordering that the five-year sentence for aggravated incest be served without benefit of parole, probation, or suspension. In response, the state argues that the trial court acted within its discretion under LSA-R.S. 15:571.3 in finding that the aggravated incest committed in this case was a "crime of violence" and in ordering that defendant's sentence be without benefit of probation, parole, or suspension of sentence.
As previously noted, the defendant pled guilty to one count of aggravated incest in violation of LSA-R.S. 14:78.1. The penalty provisions of LSA-R.S. 14:78.1 provide that a person convicted of aggravated incest shall be fined an amount not to exceed fifty thousand dollars, or imprisoned, with or without hard labor, for a term not less than five years nor more than twenty years, or both. As an additional penalty, LSA-R.S. 14:78.1(E)(1) provides that the court shall, after determining the financial resources and future ability of the offender to pay, require the offender, if able, to pay the victim's reasonable costs of counseling that result from the offense. Nowhere in the statute is there a prohibition against parole, probation, or suspension of sentence. The Fifth Circuit has noted, and we agree, that "[a] sentence upon a conviction of aggravated incest, LSA-R.S. 14:78.1, is not required to be served without benefits." State v. May, 00-43, p. 4 (La.App. 5 Cir. 5/17/00), 760 So.2d 1260, 1261. Furthermore, we note that the plea agreement contained in the record does not appear to limit defendant's eligibility for parole, probation, or suspension of sentence. Therefore, we find that the trial court exceeded its authority under the penalty provisions of LSA-R.S. 14:78.1 and under the plea agreement in imposing defendant's sentence without benefit of parole, probation or suspension of sentence. Thus, the portion of the sentence denying the defendant parole eligibility is illegal and must be corrected. See St. Amant v. 19th Judicial Dist. Court, 94-0567 (La.9/3/96), 678 So.2d 536.
The trial court erred in failing to sentence Mr. Terrebonne according to the *152 plea agreement. This court extensively reviewed the nature of plea agreements recently in the case of State v. Canada, 01-2674 (La.App. 1 Cir. 5/10/02), ___ So.2d ___, 2002 WL 963635. The Canada court cited State v. Lewis, 539 So.2d 1199, 1204 (La.1989) to explain that contract principles apply to plea bargains. Canada, 01-2674 at pp. 3-4, ___ So.2d at ___-___. The Canada court also cited Lewis v. State, Department of Public Safety and Correction, 602 So.2d 68, 74 (La.App. 1 Cir.1992) to explain that, "[u]nder the substantive criminal law, there are only two alternative remedies available for a breach of a plea agreement: (1) specific performance of the agreement, or (2) nullification or withdrawal of the plea." (Citations omitted.) Canada, 01-2674 at p. 5, ___ So.2d at ___.
Here, Mr. Terrebonne is essentially asking this court to order enforcement of the plea agreement. The plea agreement between Mr. Terrebonne and the state did not include any provision that the sentence be served without benefit of probation, parole or suspension of sentence. This illegal condition was imposed by the trial court.
The sentencing function is exclusively within the province of the trial court's authority and, even if the parties agree to a specific sentence, a court that has not agreed to abide by any such agreement retains the discretion to reject such an agreement. State v. Hennis, 98-0664, pp. 4-5 (La.App. 1 Cir. 02/19/99), 734 So.2d 16, 18. Here, however, the trial court agreed orally and in writing to the plea and plea agreement. Where the plea agreement calls for a legal sentence and the trial court agrees, the trial court is bound by the terms of the agreement. See State v. Anthony, 99-0107, pp. 6-7 (La.App. 4 Cir. 04/27/99), 735 So.2d 746, 750-751.
In Mr. Terrebonne's "Motion for Amendment, Modification, or Reconsideration of Sentence," he specifically asked for the relief of amending his sentence to delete any references to the sentence being without benefit of probation, parole or suspension of sentence. The trial court denied this relief.
Therefore, because the trial court imposed a sentence more onerous than that called for by the terms of the court-accepted plea agreement, we must vacate the sentence and remand this matter to the trial court for resentencing in accordance with LSA-R.S. 14:78.1(D) and the plea agreement. Upon resentencing Mr. Terrebonne, the trial court shall impose sentence in accordance with the original agreement.
We note that in Canada, 01-2674 at pp. 9-10, ___ So.2d at ___, this court ruled that the defendant was precluded from appellate review by the plain terms of LSA-C.Cr.P. art. 881.2A(2), which provides that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." (Emphasis added.) The sentence under consideration before us is not in conformity with the plea agreement. Therefore, we are not precluded from reviewing the sentence imposed on Mr. Terrebonne in this matter.

DECREE
Accordingly, the defendant's conviction is affirmed, the sentence is vacated, and the case is remanded to the district court for resentencing.
CONVICTION AFFIRMED, SENTENCE VACATED, REMANDED FOR RESENTENCING.
NOTES
[1] The Honorable Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.