953 So.2d 914 (2007)
STATE of Louisiana, Appellee
v.
Jimmerra HONEYCUTT, Appellant.
No. 41,601-KA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 2007.
*916 Louisiana Appellate Project by Carey J. Ellis, III, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Charles A. Smith, Assistant District Attorneys, for Appellee.
Before WILLIAMS, STEWART and GASKINS, JJ.
STEWART, J.
Pursuant to a plea agreement, the defendant, Jimmerra Honeycutt, pled guilty to attempted armed robbery. The trial court sentenced him to 30 years at hard labor and ordered that the sentence be served consecutively to any other sentence being served. The defendant now appeals. For the reasons that follow, we affirm the defendant's conviction and sentence.

FACTS
On the night of August 28, 2004, two employees of the Exxon gas station were in the business office counting money when fellow employee, Candy Maxie, called and asked one of them to bring a drink to her in the parking lot. A few minutes after the employee returned inside the store and locked the door behind her, Jimmerra Honeycutt and Demarcus Jones entered the store using a key provided to them by Candy Maxie. Maxie had told defendant and Jones that this would be a good time to rob the store because it had more money than usual and because a pregnant girl was working that night. The robbers first ordered the male employee sitting at the front counter computer to get on the floor while Honeycutt held a firearm to his head. Next, the robbers went to the business office and, at gunpoint, ordered the female employee, who was eight months pregnant, to put all the money and checks in a bag. The robbers left with $2,199 in cash and $449.90 in checks. The cash was never recovered.
*917 Defendants Maxie and Jones were each charged with one count of armed robbery and one count of conspiracy to commit armed robbery. Honeycutt pled guilty to the amended charge of attempted armed robbery in exchange for the state dismissing the conspiracy charge and charges against him in another case, a 30-year cap on the sentence, and the trial court ordering a pre-sentence investigation. The trial court originally sentenced defendant to 40 years, but later amended the sentence to 30 years at hard labor pursuant to the sentencing cap in the plea agreement. After re-sentencing the defendant to 30 years, the defendant made an oral motion to withdraw his guilty plea on the ground that he was not properly Boykinized. Denying this motion, the trial court granted defense counsel's motion to withdraw due to the defendant filing a bar complaint against him alleging ineffective assistance of counsel. The appellant is now represented by the La. Appellate Advocacy Project.

DISCUSSION
Guilty Plea
The defendant argues that his conviction should be vacated because his guilty plea was not freely, intelligently, and voluntarily made in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and La. C. Cr. P. art. 556.1(A)(3). Specifically, the defendant argues that the trial court failed to properly inform him of his right to trial by jury or that he properly waived that right. The state argues that the record was supplemented to show that the defendant was informed of his right to a jury trial during his arraignment and that, therefore, he was aware of this right at the time he pleaded guilty. The state further argues that defendant understood and waived this right to a jury trial by pleading guilty with the knowledge of this right to a jury trial.
Review of the record reveals that the trial court did not specifically inform the defendant of his right to a jury trial at the time of his guilty plea. Rather, the trial court asked defendant if he knew he had a right to a trial:
THE COURT: You understand you have a right to continue with your not guilty plea and have a trial, is that correct?
MR. HONEYCUTT: Yes, sir.
Later in the hearing, the trial court asked defense counsel if he believed the defendant understood his rights and voluntarily waived them. Defense counsel answered in the affirmative. At no time during the guilty plea proceeding does the trial court mention the right to a "trial by jury."
Even so, the Louisiana Supreme Court has ruled that courts may look beyond the guilty plea colloquy to an expanded record to determine whether a voluntary waiver of rights occurred. State v. Lawson, 410 So.2d 1101, 1103 (La.1982). In State v. Worsham, 32,670 (La.App. 2d Cir.02/01/00), 754 So.2d 1107, 1108, this court found that the defendant's guilty plea was valid, in spite of the fact that the trial court did not inform defendant of his right to a jury trial at the time he pleaded guilty, because the record showed that the trial court informed defendant of his right to a jury trial at the arraignment. The record in this case shows that the defendant was informed of his right to a trial by jury at the arraignment. While the better practice is to inform a defendant of his right to a trial by jury at the time he pleads guilty, the record supports a finding that defendant was aware of his right to a trial by jury and that his guilty plea was made with the knowledge that he was waiving his right to a trial by jury when he pleaded guilty. Thus, the conviction will *918 not be vacated on the grounds that the guilty plea lacked a proper waiver of the right to a trial by jury, because the record shows the trial court informed defendant of this right at arraignment. This assignment is therefore without merit.
Withdrawal of Guilty Plea
At the re-sentencing hearing, the defendant made an oral motion to withdraw his guilty plea, and the trial court denied the motion. The defendant argues that the trial court erred in denying his motion to withdraw his guilty plea for the following reasons: (1) the original sentence of 40 years breached the plea agreement, which rendered the plea involuntary; (2) the guilty plea was unknowingly and unintelligently made because the trial court informed him that the sentencing range for attempted armed robbery was zero to 48 ½ years, when it was actually 5-49 ½ years; and, (3) the trial court did improperly Boykinize him by telling him that he had a "right to remain silent during this proceeding" instead of informing him that he had the right to remain silent at a jury trial.
A defendant has no absolute right to withdraw a guilty plea. State v. Wynne, 40,921 (La.App. 2d Cir.04/12/06), 926 So.2d 789, 793, citing State v. Hoover, 34,952 (La.App. 2d Cir.04/05/01), 785 So.2d 184. According to La. C. Cr. P. art. 559(A), "The court may permit a plea of guilty to be withdrawn at any time before sentencing." The language of this article clearly provides that the withdrawal of a guilty plea is discretionary with the trial court and, thus, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Moore, 32,707 (La.App. 2d Cir.10/27/99), 743 So.2d 877, 880, writ denied, XXXX-XXXX (La.11/02/01), 800 So.2d 872, citing State v. Swafford, 30,651 (La. App. 2d Cir.06/24/98), 715 So.2d 104; State v. Bates, 29,252 (La.App. 2d Cir.01/22/97), 711 So.2d 281. The trial court may allow a defendant to withdraw a guilty plea if it finds that the plea was not freely and voluntarily made or if the Boykin colloquy is constitutionally inadequate. State v. Wynne, supra, citing State v. Hoover, supra. For the reasons discussed below, the trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea.
It is well settled that a plea agreement is considered a contract between the state and the criminal defendant. State v. Wynne, 926 So.2d at 795, citing State v. Peyrefitte, XXXX-XXXX (La.10/15/04), 885 So.2d 530; State v. Adams, 2004-77 (La.App. 3d Cir.09/29/04), 884 So.2d 694, writs denied, 2004-2709, 2004-2880 (La.02/25/05), 894 So.2d 1131-32; State v. Roberts, XXXX-XXXX (La.App. 1st Cir.06/21/02), 822 So.2d 156, writ denied, 2002-2054 (La.03/14/03), 839 So.2d 31. A guilty plea is constitutionally infirm when the terms of the plea agreement are not honored. State v. Robinson, 33,921 (La.App. 2d Cir.11/01/00), 770 So.2d 868, 870-871, citing State v. Dixon, 449 So.2d 463 (La.1984); State v. Gasca, 575 So.2d 913 (La.App. 2d Cir.1991), writ denied, 580 So.2d 674 (La.1991); State v. Taylor, 535 So.2d 1229 (La.App. 3d Cir.1988). In State v. Terrebonne, 2001-2632 (La.App. 1st Cir.06/21/02), 822 So.2d 149, 152, the first circuit noted that contract principles apply to plea agreements:
This court extensively reviewed the nature of plea agreements recently in the case of State v. Canada, 01-2674 (La. App. 1st Cir.5/10/02), 838 So.2d 784. The Canada court cited State v. Lewis, 539 So.2d 1199, 1204 (La.1989) to explain that contract principles apply to plea bargains. Canada, 01-2674 at pp. 3-4, 838 So.2d 786-88. The Canada court also cited Lewis v. State, Department of Public Safety and Corrections, 602 So.2d 68, 74 (La.App. 1 Cir.1992) to explain *919 that, "[u]nder the substantive criminal law, there are only two alternative remedies available for a breach of a plea agreement: (1) specific performance of the agreement, or (2) nullification or withdrawal of the plea." (Citations omitted.) Canada, 01-2674 at p. 5, 838 So.2d at 788.
Thus, in State v. Terrebonne, supra, the first circuit vacated a sentence and remanded for re-sentencing in accordance with a plea agreement after the trial court imposed a sentence more onerous than the one contained within the terms of the plea agreement.
In the present case, the plea agreement contained a sentencing cap of 30 years, but the trial court imposed a sentence of 40 years. The defendant filed a motion for reconsideration of sentence, and the state conceded that the sentence should be amended in accordance with the plea agreement. Consequently, the trial court re-sentenced the defendant to 30 years. Because the defendant was given specific performance of the plea agreement, his guilty plea was not rendered constitutionally infirm, and the trial court did not abuse its discretion in denying defendant's motion to withdraw the guilty plea. This assignment is therefore without merit.
The defendant alleges that his plea was involuntary because the trial court informed him that the range of punishment was zero to 48 ½ years when it was actually 5 years to 49 ½ years. According to La. R.S. 14:27(D)(3) and La. R.S. 14:64, the sentencing range for attempted armed robbery is actually zero to 49 ½ years. Pursuant to La. C. Cr. P. art. 556.1(A)(1), the trial court should inform the defendant of the mandatory minimum and maximum penalties of the crime to which he is pleading guilty. Subsection E of that same article states that "[a]ny variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea." Due to the fact that the trial court informed the defendant that 30 years imprisonment would be the maximum penalty imposed upon him in this case pursuant to the plea agreement, the trial court's incorrect statement regarding the maximum penalty for attempted armed robbery did not render the defendant's plea involuntary because it did not affect his substantial rights.
Further, in State v. Guzman, XXXX-XXXX (La.05/16/00), 769 So.2d 1158, 1163-1166, the defendant alleged that his guilty plea was involuntary because the trial court did not properly inform him of the mandatory minimum penalty provided by law. The Louisiana Supreme Court found that the harmless error rule contained in Article 921 applied in that case. State v. Guzman, supra. According to La. C. Cr. P. art. 921, "a judgment or ruling shall not be reversed by an appellate court because of an error, defect, irregularity, or variance which does not affect the substantial rights of the accused." In reaching this conclusion, the court stated that it had never extended the core Boykin constitutional requirements to include advice with respect to sentencing. State v. Guzman, 769 So.2d at 1164, citing State v. Nuccio, 454 So.2d 93, 104 (La.1984). Further, the court noted that it had specifically held that advice regarding sentencing was not part of the core Boykin constitutional requirements. State v. Guzman, supra, citing State v. Anderson, 98-2977 (La.03/19/99), 732 So.2d 517. Thus, the court concluded that "violations of La. C. Cr. P. art. 556.1 which do not rise to the level of Boykin violations are not exempt from the broad scope of La. C. Cr. P. art. 921."
*920 According to State v. Guzman, supra, advice regarding sentencing is not a Boykin error; thus, it is subject to the harmless error analysis. The misstatement by the trial court regarding the maximum sentence for attempted armed robbery was a harmless error because the defendant was informed that his maximum sentence would be 30 years under this plea agreement. This assignment is therefore without merit.
The defendant alleges that the trial court improperly Boykinized him by telling him that he had a "right to remain silent during this proceeding" instead of informing him that he had the right to remain silent at a jury trial. In Boykin v. Alabama, 395 U.S. at 243, 89 S.Ct. at 1712, the United States Supreme Court stated that "the privilege against compulsory self-incrimination" is a federal constitutional right that must be waived when a defendant pleads guilty in a state criminal trial. The fifth circuit noted that "[i]n the jurisprudence, the terminology `right to remain silent' frequently is used, interchangeably with `the right against self-incrimination' and is an acceptable substitute as long as it is clear that the trial court is referring to the right to remain silent `at trial.'" State v. Walker, 02-495 (La.App. 5th Cir.11/13/02), 833 So.2d 367, 370, writ denied, XXXX-XXXX (La.04/25/03), 842 So.2d 397, citing State v. Dumas, 96-2748 (La. App. 1st Cir.11/07/97), 703 So.2d 112, 114.
In State v. Bradford, 627 So.2d 781, 785 (La.App. 2d Cir.1993), writ denied, 94-0006 (La.04/22/94), 637 So.2d 154, this court found that the trial court properly denied the defendant's motion to withdraw his guilty plea on the ground that the trial court failed to expressly advise the defendant of the right to remain silent at trial. In so doing, this court found that the defendant was aware of the right from the context of the colloquy and that, therefore, there was no error in failing to specifically state that the privilege against self-incrimination applies to trial. State v. Bradford, supra, citing State v. Bowick, 403 So.2d 673, 674-675 (La.1981). The issue of whether the trial court properly informs defendants of the right to remain silent at trial, rather than simply at the guilty plea proceeding, has been examined most often in the context of defendants attacking the guilty pleas in predicate offenses used to enhance a sentence for a current crime. In State v. Stewart, 32,942 (La.App. 2d Cir.03/01/00), 754 So.2d 395, 397-398, this court discussed the case law history on how the failure to specifically state that the Boykin rights apply to trial does not automatically invalidate the prior offense:
In State v. Yarbrough, 418 So.2d 503 (La.1982), the supreme court pointed out that the court had moved away from State v. Martin, 382 So.2d 933 (La. 1980)[FN3], in which the failure of the trial court to specifically state that the Boykin trilogy of rights continues into trial, if so elected, invalidated the predicate offense. This court made the same observation in State v. Lott, 29,082 (La. App. 2d Cir.1/22/97), 688 So.2d 608, writ denied, 97-0711 (La.9/26/97), 701 So.2d 979, and State v. Harden, 506 So.2d 1265 (La.App. 2d Cir.1987), writ denied, 512 So.2d 438 (La.1987). Although never expressly overruled on the point of law concerning the exact wording of Boykin advice, Martin, supra, has been called into question and distinguished many times by the appellate courts of this state. See State v. Gaar, 32,243 (La. App. 2d Cir.8/18/99), 746 So.2d 41, and Lott, supra.

FN3. Martin, supra, was overruled by State v. Williams, 392 So.2d 448 (La.1980), on other grounds.
In the concurring opinion to State v. Yarbrough, 418 So.2d at 511-512, Chief *921 Justice Dixon stated that the guilty plea in the predicate offense was adequate in spite of the trial court's failure to specifically state that the defendant had the right to remain silent at trial because the context of the colloquy conveyed that information:
The explanation of the privilege against self-incrimination followed a careful explanation of the defendant's rights to a trial by jury and to confront and cross-examine the witnesses against him, which obviously could only have been exercised at trial. The explanation of the privilege against self-incrimination informed the defendant that, by waiving it, he was giving up not only his right to remain silent, but also "your right against self-incrimination." Because of the context of the explanation, and the use of the words "self-incrimination" in addition to the right to remain silent, I believe that it is clear on the record that the defendant understood he was giving up his right to self-incrimination at trial as well as his right to remain silent during the guilty plea colloquy.
Subsequently, in State v. Harden, 506 So.2d at 1271, this court cited State v. Yarbrough, supra, and found that the guilty plea in the predicate offense was sufficient, in spite of not specifically advising that the right against self-incrimination applied at trial, because "[t]he trial judge's advice to the defendant on self-incrimination is located following questions framed with specific reference to trial, and this circumstance creates the unequivocal connotation that the right against self-incrimination was also available to the defendant at trial." Similarly, in State v. Lott, 688 So.2d at 610-611, this court found that the failure to "specify in exact words that the right against self-incrimination applied to trial" did not render the predicate offense inadequate because the colloquy "did not limit the right to the plea proceeding."
What a defendant understands of his rights as explained during a guilty plea colloquy "is determined in terms of the entire record and not just certain `magic words' used by the trial judge." State v. Munholland, 34,941 (La.App. 2d Cir.10/12/01), 797 So.2d 778, 782, writ denied, XXXX-XXXX (La.09/13/02), 824 So.2d 1185, citing State v. Strain, 585 So.2d 540 (La.1991). In the present case, the trial court explained the right against self-incrimination by stating, "You understand that you have the right to remain silent during this proceeding?" (R.p. 34) Even so, this right was explained along with the other rights waived when pleading guilty:
THE COURT: You understand you have a right to continue with your not guilty plea and have a trial, is that correct?
MR. HONEYCUTT: Yes, sir.
THE COURT: You understand the DA must prove their case beyond a reasonable doubt?
MR. HONEYCUTT: Yes, sir.
THE COURT: You understand that your attorney would examine the DA's witnesses?
MR. HONEYCUTT: Yes, sir.
THE COURT: You understand that you have the right to remain silent during this proceeding?
MR. HONEYCUTT: Yes, sir.
THE COURT: You understand that you have the right to summon witnesses by compulsory process called subpoena power of the Court?
MR. HONEYCUTT: Yes, sir.
THE COURT: You understand if convicted you'll be given the right to appeal?
MR. HONEYCUTT: Yes, sir.
THE COURT: And if I accept your guilty plea you're waiving or giving up that right?

*922 MR. HONEYCUTT: Yes, sir.
The context in which the defendant's right to remain silent was explained included explanations of the right to have a trial where the state must prove its case beyond a reasonable doubt, where defense counsel would cross-examine the state's witnesses, and where the defendant would have the subpoena power to summon its own witnesses. Therefore, within this context, "the right to remain silent during this proceeding" appears to refer to the defendant's right to remain silent at trial. As discussed above, the appellate courts have moved away from requiring exact wording of Boykin advice and, instead, prefer to consider the context of the colloquy in determining whether a defendant has been properly advised of the Boykin rights. Accordingly, the trial court properly informed defendant of his right against self-incrimination at trial, and this assignment is therefore without merit.
Excessive Sentence
The defendant argues that the trial court erred by imposing his 30-year sentence without vacating the original 40-year sentence and thereby imposed an illegal sentence of 70 years. The record of defendant's re-sentencing hearing clearly shows that the trial court was re-sentencing the defendant to 30 years pursuant to his plea agreement, which capped his sentence at 30 years. The trial court clearly stated that he was not vacating the original sentence, but was amending it. The record in no way indicates that the defendant was sentenced to 70 years for attempted armed robbery. This assignment is therefore without merit.
Right to Counsel
The defendant argues that the trial court failed to appoint counsel for his re-sentencing hearing after his trial counsel withdrew from representing him and that this violated his right to have counsel at a critical stage of trial. The record does not support the defendant's claim. The transcript of the re-sentencing hearing shows that the defendant was represented by Mark Frederick. The transcript clearly shows that defense counsel did not move to withdraw until after the trial court re-sentenced defendant and that he did so because defendant filed a bar complaint against him alleging ineffective assistance of trial counsel. The record clearly shows that Mr. Frederick participated in the re-sentencing hearing and that the motion to withdraw was not made or granted until after re-sentencing. This assignment is therefore without merit.

CONCLUSION
For the foregoing reasons, we affirm the defendant's conviction and sentence.
AFFIRMED.