GULOTTA, Judge.
Daryl Hammer was convicted of aggravated burglary (LSA-R.S. 14:60) and, pursuant to a multiple bill, was sentenced to thirty years at hard labor. In his only assignment of error, defendant contends the trial court erred in finding him a multiple offender based on a 1979 conviction arising out of an improper Boykinized guilty plea. We affirm.
Aggravated burglary is defined in pertinent part in LSA-R.S. 14:60 as:
“... the unauthorized entering of any inhabited dwelling, or of any structure, ... where a person is present, with the intent to commit a felony or any theft therein, if the offender, ... (3) commits a battery upon any person while in such place, or in entering or leaving such place.”
On September 3, 1983, the defendant, after forcing his way into the victim’s house, pushed her against the kitchen door, causing her to fall to the floor. When the victim attempted to alert a neighbor by screaming, Hammer put his hands around her throat and threatened to smother her. He then pushed her into the bathroom. At that moment the police, after having been alerted by the next door neighbor’s daughter, burst into the house and found the victim in the bathroom. The defendant was standing in the bathroom doorway with his pants down and his shoes off.
Defendant, on the other hand, explained in his testimony that he had been brought to the victim’s house by third parties who had expressed an interest in assisting him in locating his stolen car. Defendant went with them to the victim’s residence where they unlocked the door and allowed him to enter the house. Shortly thereafter, the police came into the house and arrested *7 him. According to defendant he never saw the victim until trial.
Based on the foregoing, we conclude—viewing the evidence in the light most favorable to the. prosecution—that any rational trier of fact could have found the defendant guilty of aggravated burglary beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Furthermore, a review of the record reveals that there are no errors patent.
In his sole assignment of error, defendant alleges the trial judge erred in sentencing him as a multiple offender based on a 1979 conviction arising out of an allegedly improper Boykinized guilty plea.
The United States Supreme Court, in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) enumerated the constitutional rights waived by the guilty plea: 1) the privilege against self incrimination; 2) the right to trial by jury; and 3) the right to confront one’s accuser. When using a prior guilty plea to enhance punishment, the State bears the burden of showing that defendant knowingly and intelligently waived these constitutional rights. State v. Bland, 419 So.2d 1227 (La.1982).
Our review of the record reveals that on June 14, 1979, Hammer, while represented by an attorney, pled guilty to simple burglary. The following colloquy between defendant and the judge was as follows:
BY THE COURT:
Mr. Hammer, do you understand you have a right to trial and, in fact, at some point today we could go forward with your trial. You are entitled to a jury of 12 persons. However, by entering this Guilty Plea, you are giving up your right to trial by jury. Do you understand that?
BY THE DEFENDANT:
I do.
BY THE COURT:
Do you also understand that you are giving up your appeal rights by entering this Guilty Plea? do you also understand you are giving up your right to confront and to cross-examine the witnesses by entering this plea?
BY THE DEFENDANT:
I do.
BY THE COURT
Do you also understand that you are giving up your Fifth Amendment rights by entering this Guilty Plea?
BY THE DEFENDANT:
I do.
Defendant complains that because the trial judge failed to explain to him the meaning of his waiver of the Fifth Amendment, he was not properly Boykinized. We do not agree. Hammer was represented by an attorney. If he had not been represented by counsel at the time of the colloquy, his complaint might merit more serious consideration. In the instant case, however, we conclude that defendant knowingly and intelligently waived his rights.
Having so concluded, we affirm the sentence imposed.
AFFIRMED.