703 So.2d 112 (1997)
STATE of Louisiana
v.
Wruck DUMAS.
No. 96 KA 2748.
Court of Appeal of Louisiana, First Circuit.
November 7, 1997.
*113 Walter P. Reed, District Attorney, Covington, and Terry M. Boudreaux, Gretna, for State-Appellee.
Frank Sloan, Covington, for Defendant-Appellant.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
FOGG, Judge.
The defendant, Wruck Dumas, was charged by bill of information with fourth offense driving while intoxicated (DWI), a violation of LSA-R.S. 14:98. He pled not guilty and filed motions to quash the bill of information, which subsequently were denied. After trial by jury, the defendant was found guilty of the responsive offense of attempted fourth offense DWI, a violation of LSA-R.S. 14:27 and 98. He received a sentence of six years at hard labor, without benefit of parole, probation, or suspension of sentence, with credit for time served. The defendant has appealed, alleging as his only assignment of error that the trial court erred in denying the motions to quash.
Shortly after midnight on January 22, 1994, the defendant was driving his green Ford pickup truck through the drive-thru at a McDonald's restaurant on Gause Boulevard in Slidell, Louisiana. A McDonald's employee alerted Chris Atkinson, a Slidell police reserve officer working a security detail at the restaurant, that there was a problem in the drive-thru line. Officer Atkinson went outside and observed the defendant, who appeared to be slumped over the steering wheel. Officer Atkinson confronted the defendant and awakened him. Because others were in the drive-thru line, Officer Atkinson asked the defendant to pull forward. When the defendant did so, he drove up onto the curb and Officer Atkinson had to move back to prevent being struck by the defendant's truck. When Officer Atkinson asked the defendant to exit the truck, he noticed that the defendant had an odor of alcohol on his breath, bloodshot eyes, slurred speech, and he was unsteady on his feet. Because he suspected that the defendant might be intoxicated, Officer Atkinson called for a DWI patrol officer.
Corporal Kevin Wilcox of the Slidell Police Department, who was working a DWI enforcement detail that night, responded to the scene and requested the defendant to perform several field sobriety tests, which the defendant failed or refused to perform properly. After speaking with the defendant and observing his condition, Corporal Wilcox arrested the defendant, who subsequently refused to take a breath test.
At the trial, it was established that the defendant had entered previous DWI guilty pleas in the 22nd Judicial District Court on July 7, 1987 (first offense DWI) and December 23, 1987 (second and third offense DWI).

ASSIGNMENT OF ERROR
In his only assignment of error, the defendant contends that the trial court erred in denying the motions to quash. Specifically, he argues that the December 23, 1987, predicate convictions for second and third offense DWI are invalid for enhancement purposes and, therefore, the trial court should have quashed the instant bill of information charging him with a fourth offense DWI. The defendant's position hinges on a technical point, i.e., his assertion that he was not adequately informed of the right against self-incrimination. While the defendant concedes that he was informed of the right to remain silent, he contends that the right *114 against self-incrimination is broader than the right to remain silent. The defendant suggests that he should have been further informed that, if he exercised his right to remain silent at the trial, the jury would be informed that no adverse inference or presumption of guilt could be drawn from his decision not to testify, unlike the situation of the silence of a party exercising the right against self-incrimination in a civil case.
In order for a misdemeanor guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty he waives: (a) his privilege against compulsory self-incrimination; (b) his right to trial and jury trial where applicable; and (c) his right to confront his accuser. The trial judge must also ascertain that the accused understands what the plea connotes and its consequences. State v. Jones, 404 So.2d 1192 (La.1981). It is the state's burden to show that the defendant knowingly and expressly waived his Boykin rights when entering this guilty plea. State v. Santiago, 416 So.2d 524 (La.1982). To meet this requirement, the state may rely on a contemporaneous record of the guilty plea proceedings, i.e., either the transcript of the plea or the minute entry. State v. Bland, 419 So.2d 1227 (La.1982).
In the jurisprudence, the terminology "right to remain silent" frequently is used interchangeably with the "right against self-incrimination" and is an acceptable substitute as long as it is clear that the trial court is referring to the right to remain silent "at trial." See State v. Age, 417 So.2d 1183 (La.1982) (on rehearing); State v. Hunt, 573 So.2d 585 (La.App. 2 Cir.1991); State v. Brooks, 501 So.2d 812 (La.App. 4 Cir.1986).
The December 23, 1987, guilty plea transcript indicates that the defendant was represented by counsel and entered into a plea bargain agreement wherein, in exchange for his guilty pleas to second and third offense DWI, other charges were dismissed. The defendant was informed of the triad of Boykin rights by the trial court. While it cannot be denied that the right against self-incrimination is the most problematical of the three Boykin rights, and a more thorough explanation of this right would be desirable in any guilty plea proceeding, we conclude that informing a defendant of the right to remain silent at trial is sufficient under the jurisprudence, in the absence of obvious confusion or misunderstanding by a defendant (which would be more likely to occur in the case of a defendant who is not represented by counsel). Compare State v. Hammer, 468 So.2d 5 (La.App. 4 Cir.1985). After reviewing the entire guilty plea proceeding and considering the above jurisprudence, we find that the guilty plea transcript offered by the State at the motion to quash hearing was sufficient to prove a knowing and express waiver of Boykin rights and, therefore, the trial court correctly denied the defendant's motions to quash.
This assignment of error is meritless.
CONVICTION AND SENTENCE AFFIRMED.