833 So.2d 367 (2002)
STATE of Louisiana
v.
Roy WALKER.
No. 02-KA-495.
Court of Appeals of Louisiana, Fifth Circuit.
November 13, 2002.
*368 Paul D. Connick, Jr., District Attorney, Alan D. Alario, Terry Boudreaux, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Arcenious F. Armond, Jr., Gretna, LA, for Defendant/Appellant.
*369 Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY, and SUSAN M. CHEHARDY.
THOMAS F. DALEY, Judge.
The defendant has appealed his adjudication as a second felony offender and the sentence imposed. For the reason that follow, we affirm.
The defendant was tried and convicted of conspiracy to commit armed robbery and attempted manslaughter. The State filed a habitual offender Bill of Information alleging the defendant to be a second felony offender based on the present conviction of conspiracy to commit armed robbery and a prior theft conviction. The defendant admitted the allegations of the multiple offender bill, his original sentence was vacated, and he received an enhanced sentence of 35 years imprisonment at hard labor. On appeal[1], this Court affirmed the convictions and sentence of 15 years for the attempted manslaughter conviction, and vacated the multiple offender conviction, finding defendant was not advised of his right to remain silent and right to a hearing on the multiple bill prior to stipulating as to his identity. On remand, a hearing was held on the multiple offender Bill of Information. At the conclusion of the hearing, the defendant was adjudicated a second felony offender. His original sentence was vacated and his sentence was enhanced so that the 35 year sentence for conspiracy to commit armed robbery is to be served consecutive to the 15 year attempted manslaughter sentence. Defendant has appealed both his adjudication as a multiple offender and his sentence.
Defendant argues that the trial court erred in finding him to be a second felony offender, because the State failed to present proper proof of a previous conviction. He contends that, during the colloquy on the predicate plea, there was no independent advisal by the trial court of his right to remain silent and of his right against self-incrimination. The State responds that the record shows the trial court did advise defendant of his right against self-incrimination, and that the right against self-incrimination includes the right to remain silent.
In his objection to the multiple offender bill, the defendant submitted the transcript on the plea for the predicate offense, case number 96-2820. The transcript shows that in accepting the defendant's guilty plea, the following exchange took place:
THE COURT:
Mr. Walker, your attorney has indicated to me that he's advised you of your rights (1) to a trial by jury, (2) to confront your accusers, and (3) against self-incrimination and that by entering your plea of guilty you are waiving or giving up these rights. He has also indicated to me that you have advised him that you understand these things; is that correct?
DEFENDANT:
Yes, sir.
The record on appeal includes the record in case number 96-2820. That record contains a Waiver of Rights form, which states in pertinent part:
Your attorney has indicated to me that he/she advised you of your rights (1) to a trial by jury or by the Court alone, (2) to confront your accusers, and (3) of your right against self-incrimination, and that by entering your plea of guilty, you are waiving or giving up these rights. He/she has also indicated to me that you have advised him/her that you understand these things. Is that correct?
*370 The word "yes" was written next to the above paragraph. The Waiver of Rights form was signed by defendant, his attorney, and the trial judge. The record in case number 96-2820 also contains the "hard labor sentencing form" which states, inter alia, that the court advised defendant of his/her rights, that defendant waived these rights, and that a Waiver of Rights was executed and filed into the record.
In State v. Hollins, 99-278, pp. 20-22 (La.App. 5 Cir. 8/31/99), 742 So.2d 671, 684-85, writ denied, 99-2853 (La.01/05/01), 778 So.2d 587, this Court set forth the pertinent law regarding the method to be used to prove the constitutionality of a plea:
In proving the constitutionality of the plea, the State must produce either a "perfect" transcript of the Boykin colloquy between the defendant and the trial judge or any combination of (1) a guilty plea form, (2) a minute entry, or (3) an "imperfect" transcript. Shelton, 621 So.2d at 780. If anything less than a "perfect" transcript is presented, the trial court must weigh the evidence submitted by the defendant and the State to determine whether the State met its burden of proof that defendant's prior guilty plea was informed and voluntary. Shelton, 621 So.2d at 780.
The Boykin decision sets forth the specific federal constitutional rights that must be explained and waived when a guilty plea is entered in State criminal proceedings. "First, is the privilege against compulsory self-incrimination.... Second, is the right to trial by jury.... Third, is the right to confront one's accusers." Boykin, 395 U.S. at 243, 89 S.Ct. at 1712, 23 L.Ed.2d at 279. The scope of Boykin has not been expanded to require the specific enumeration to defendant of rights other than the trilogy listed. See, State v. Nuccio, 454 So.2d 93, 104 (La. 1984), overruled on other grounds as stated in State v. Johnson, 94-1379, p. 15 (La.11/27/95), 664 So.2d 94, 101.
In the jurisprudence, the terminology "right to remain silent" frequently is used interchangeably with the "right against self-incrimination" and is an acceptable substitute as long as it is clear that the trial court is referring to the right to remain silent "at trial." State v. Dumas, 96-2748 (La.App. 1 Cir. 11/7/97), 703 So.2d 112, 114 (citations omitted).
Based on our review of the current appellate record and the record in case number 96-2820, we find that defendant was advised of the three Boykin rights in the Waiver of Rights form that defendant signed and during the 1996 plea colloquy: the right against self-incrimination, the right to trial by jury, and the right to confront one's accusers. The right to remain silent is not one of the enumerated rights that must be given to a defendant during a Boykin colloquy. Boykin, supra. However, the terminology "right to remain silent" frequently is used interchangeably with the "right against self-incrimination." Dumas, supra.
In addition, even though the transcript in case number 96-2820 indicates that the trial court did not independently advise defendant of his rights, this Court has found that to be of no consequence, if the record clearly shows that defendant was advised of his rights and knowingly and voluntarily waived those rights prior to entering the guilty plea. State v. Flagg, 01-65 (La.App. 5 cir. 7/30/01), 792 So.2d 133. In the instant case, the Waiver of Rights form and the transcript of the 1996 plea colloquy clearly show that defendant was advised of his three Boykin rights and knowingly and voluntarily waived those rights prior to entering his guilty plea.
*371 Accordingly, we find that the trial court did not err in adjudicating the defendant to be a second felony offender.
Defendant also argues that his consecutive sentences are constitutionally excessive. He claims that, because his two convictions arose from a single course of action, he should have received concurrent sentences under LSA-C.Cr.P. art. 883.[2] Defendant contends that, although the trial court has discretion to impose consecutive sentences, it failed to articulate particular justification for the consecutive sentences.
The State responds that the trial court did articulate particular justification for the consecutive sentences. It argues that the sentences are supported by the facts elicited at trial, the trial judge's stated reasons, and the underlying jurisprudence. The State concludes that the consecutive sentences are not constitutionally excessive and should not be reversed.
Louisiana Constitution, Article I, Section 20 prohibits the imposition of excessive punishment. Although a sentence is within the statutory limits, the imposition of that sentence may still violate a defendant's constitutional right against excessive punishment. State v. Cann, 471 So.2d 701 (La.1985). A punishment is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, needlessly imposes pain and suffering, or is grossly out of proportion to the gravity of the offense so as to shock our sense of justice. State v. Lobato, 603 So.2d 739 (La.1992). A trial judge has wide discretion in the imposition of a sentence and a sentence will not be set aside absent a showing of manifest abuse of that discretion. State v. Carter, 96-358 (La. App. 5 Cir. 11/26/96), 685 So.2d 346, 353.
Defendant was convicted of conspiracy to commit armed robbery and attempted manslaughter. At the second multiple offender hearing, defendant was found to be a second felony offender. The trial court vacated the original sentence on count one (conspiracy to commit armed robbery) and sentenced defendant under LSA-R.S. 15:529.1 to imprisonment at hard labor for 35 years, to run consecutively to the 15 year sentence on count three (attempted manslaughter), for a total of 50 years. LSA-R.S. 15:529.1(A)(2)(a) provides as follows:
(a) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.
Conspiracy to commit armed robbery carries a maximum sentence of 49½ years. LSA-R.S. 14:26 and 14:64. Thus, as a second felony offender, defendant faced a mandatory minimum sentence of 24 1/4 years and a maximum sentence of 99 years. Defendant's 35 year enhanced sentence falls within the lower end of the sentencing range. Attempted manslaughter *372 carries a sentence of not more than 20 years. LSA-R.S. 14:31 and 14:27.
We find that the record from the defendant's previous appeal and the facts and circumstances surrounding this crime support the defendant's 35 year sentence for conspiracy to commit armed robbery. Although a pre-sentence investigation was not ordered, the competency evaluation report reveals defendant has been in trouble with the law since age 12. In his present crime, defendant conspired to commit an armed robbery and during the course of the armed robbery he fired several shots at a DEA agent. He purposefully endangered the lives of many people as the crime was committed at 3:30 p.m. at a gas station. And, while no one was physically injured, this fact does not lessen the severity of the crime. Based on these facts, an enhanced sentence at the lower end of the sentencing range for conspiracy to commit armed robbery is not excessive.
Defendant also objects to the consecutive nature of his sentences. He claims that, because his two convictions arose from a single course of action, he should have received concurrent sentences under LSA-C.Cr.P. art. 883. Defendant contends that, although the trial court has discretion to impose consecutive sentences, it failed to articulate particular justification for the consecutive sentences.
The imposition of consecutive sentences arising from a single course of conduct does require particular justification, but they are not necessarily precluded, particularly if the trial judge concludes that the defendant poses an unusual risk to public safety. State v. Johnson, 97-867 (La.App. 5 Cir.4/15/98), 711 So.2d 848, writ denied, 98-1293 (La.10/9/98), 726 So.2d 20.
In the instant case, the trial judge gave the following reasons for sentence:
Inasmuch as Mr. Walker was found guilty of conspiracy to commit armed robbery and attempted manslaughter and because the circumstances surrounding those offenses involved instances of acts of violence which may well have led to great bodily harm, if not death, and because those facts and circumstances were entered into and committed by Mr. Walker intentionally and knowingly and because this Court is persuaded by the facts and circumstances as were developed at trial and heard by the jury, that Mr. Walker is a dangerous person....
Initially, the trial judge ordered the sentences to run concurrently. However, when defense counsel asked the trial judge whether the 35 years imposed on count one was to run concurrent with the 15 years on count two, the trial judge stated:
I think that was the original sentence, no, I beg your pardon, I'm in error, no, and thank you for pointing it out.
That is to run consecutively with the fifteen[-]year sentence.
Let me go back to the original commitment, yes, consecutively with the fifteen years from count No. 3.
In other words, the total sentence is 50 years.
Does that clear it up?
The record reflects the trial judge provided particular justification for consecutive sentences, and that his justification was valid. He found that the offenses involved instances of acts of violence that may well have led to great bodily harm, if not death, that the offenses were committed by defendant intentionally and knowingly, and that defendant was a dangerous person. Based on the foregoing, we find that the trial court did not abuse its discretion in ordering the sentences to be served consecutive.
*373 For the foregoing reasons, the defendant's conviction as a multiple offender and enhanced consecutive sentence are affirmed.
AFFIRMED
NOTES
[1] State v. Walker, 01-348, (La.App. 5 Cir. 8/28/01), 795 So.2d 459.
[2] LSA-C.Cr.P. art. 883 provides:

If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently. In the case of the concurrent sentence, the judge shall specify, and the court minutes shall reflect, the date from which the sentences are to run concurrently.