968 So.2d 288 (2007)
STATE of Louisiana, Appellee
v.
Thomas M. DEW, Appellant.
No. 42,392-KA.
Court of Appeal of Louisiana, Second Circuit.
October 17, 2007.
Andrew S. Vallien, Natchitoches, for Appellant.
Don M. Burkett, District Attorney, Richard Z. Johnson, Jr., Assistant District Attorney, for Appellee.
Before BROWN, DREW, and MOORE, JJ.
DREW, J.
The defendant was charged by bill of information with DWI 4th, contrary to La. R.S. 14:98(E). The trial court, without objection from either side, charged the jury that six possible verdicts[1] were available to them:

*289  Guilty of DWI 4th;
 Guilty of Attempted DWI 4th;
 Guilty of DWI 3rd;
 Guilty of DWI 2nd;
 Guilty of DWI; and
 Not guilty.
The jury returned with a verdict of attempted DWI 4th, and the trial court in due course sentenced the defendant to the maximum 15 years at hard labor. We affirm the conviction for the reasons outlined hereinafter.
Is Attempted DWI a Crime?
We believe it is. This may be the first Louisiana appeal focusing on this question as the central issue.
This finding is not inconsistent with our previous holding in State v. Sloan, 32,101 (La.App. 2 Cir. 8/18/99), 747 So.2d 101, wherein we reversed, sua sponte, a jury verdict convicting Sloan of attempted communicating false information of planned arson, La. R.S. 14:54.1 and La. R.S. 14:27. The inchoate nature of that completed crime was established by the following excerpts of language from La. R.S. 14:54.1: "conveyance, . . . by the use of the telephone, . . . of any threat or false information knowing the same to be false, including bomb threats . . . concerning an attempt or alleged attempt being made, or to be made, to commit either aggravated or simple arson." Proof of an attempt to communicate false information constituted proof of the offense itself.
The same occurred in State v. Eames, 365 So.2d 1361 (La.1978), cited by Sloan, supra. The attempt to incite to riot was included in the definition of the crime itself.[2]
In State v. Dumas, 96-2748 (La.App. 1 Cir. 11/7/97), 703 So.2d 112, a jury convicted Dumas of attempted DWI 4th. Dumas did not raise that issue on appeal but complained about the propriety of the predicates. The first circuit observed no error patent on the conviction of attempted DWI 4th.
Attempted DWI, while certainly a rare event, is nonetheless a possible crime. In fact, the laws of at least three states have criminalized the attempt to commit a DWI.
A Kansas statute, KS ST § 8-1567, provides, with our emphasis added:
(a) No person shall operate or attempt to operate any vehicle within this state while:
(1) The alcohol concentration in the person's blood or breath as shown by any competent evidence, including other competent evidence, as defined in paragraph (1) of subsection (f) of K.S.A. 8-1013, and amendments thereto, is .08 or more;
(2) the alcohol concentration in the person's blood or breath, as measured within two hours of the time of operating or attempting to operate a vehicle, is .08 or more;
(3) under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle;
(4) under the influence of any drug or combination of drugs to a degree that renders the person incapable of safely driving a vehicle; or
(5) under the influence of a combination of alcohol and any drug or drugs to a degree that renders the person incapable of safely driving a vehicle.

*290 (b) No person shall operate or attempt to operate any vehicle within this state if the person is a habitual user of any narcotic, hypnotic, somnifacient or stimulating drug.
A New Hampshire statute, N.H.Rev. Stat. § 265-A:2, states, with our emphasis added:
I. No person shall drive or attempt to drive a vehicle upon any way or operate or attempt to operate an OHRV:
(a) While such person is under the influence of intoxicating liquor or any controlled drug or any combination of intoxicating liquor and controlled drugs; or
(b) While such person has an alcohol concentration of 0.08 or more or in the case of a person under the age of 21, 0.02 or more.
II. No person shall operate or attempt to operate a boat while under the influence of intoxicating liquor or a controlled drug or any combination of intoxicating liquor and a controlled drug or drugs, or while such person has an alcohol concentration of 0.08 or more or in the case of persons under the age of 21, 0.02 or more.
Finally, a Vermont statute, 23 V.S.A. § 1201, reads as follows, with our emphasis added:
(a) A person shall not operate, attempt to operate, or be in actual physical control of any vehicle on a highway:
(1) when the person's alcohol concentration is 0.08 or more, or 0.02 or more if the person is operating a school bus as defined in subdivision 4(34) of this title; or
(2) when the person is under the influence of intoxicating liquor; or
(3) when the person is under the influence of any other drug or under the combined influence of alcohol and any other drug to a degree which renders the person incapable of driving safely; or
(4) when the person's alcohol concentration is 0.04 or more if the person is operating a commercial motor vehicle as defined in subdivision 4103(4) of this title.
(b) A person who has previously been convicted of a violation of this section shall not operate, attempt to operate, or be in actual physical control of any vehicle on a highway and refuse a law enforcement officer's reasonable request under the circumstances for an evidentiary test where the officer had reasonable grounds to believe the person was in violation of subsection (a) of this section.
(c) A person shall not operate, attempt to operate, or be in actual physical control of any vehicle on a highway and be involved in an accident or collision resulting in serious bodily injury or death to another and refuse a law enforcement officer's reasonable request under the circumstances for an evidentiary test where the officer has reasonable grounds to believe the person has any amount of alcohol in the system.
. . .
(f) For purposes of this section and section 1205 of this title, the defendant may assert as an affirmative defense that the person was not operating, attempting to operate, or in actual physical control of the vehicle because the person:
(1) had no intention of placing the vehicle in motion; and
(2) had not placed the vehicle in motion while under the influence.
In light of the instant case, the importance of these three statutes is to reflect that the legislatures of at least three states have made attempted DWI a crime. The definitions of DWI in these three statutes *291 include attempt as a part of the offense itself. We find that it is of no moment that in Louisiana, the crime of attempted DWI requires the additional harmonization of the attempt statute, La. R.S. 14:27, with DWI, La. R.S. 14:98.
We also have no quarrel with State v. Campbell, 95-1409 (La.3/22/96), 670 So.2d 1212, which essentially held in a four to three decision, that our law cannot allow a conviction for the attempt to attempt a crime. We agree, but that is not the case here.
Our DWI statute is not unconstitutionally vague or overbroad. It does not take much imagination to envision scenarios wherein a person could attempt to drive while intoxicated. For example, a bar patron who has thrown back drink after drink may announce that he is about to drive home. The bartender warns him that he is in no condition to drive. The patron waves off the warning with the proclamation that he is certainly drunk but he drives while impaired all the time and it is not a problem. While he is struggling to get his key in the door, the police arrive, having been called by a concerned patron of the bar. Attempted DWI sounds like the right charge under this hypothetical scenario.
No objection was made to the trial court's proposed charge, which arguably waived any objection on appeal. The trial court should have been given a chance to correct any perceived charging mistake.
DWI 4th is not a crime for which responsive verdicts are listed in La. C. Cr. P. art. 814. Louisiana C. Cr. P. art. 815, however, provides:
In all cases not provided for in Article 814, the following verdicts are responsive:
(1) Guilty;
(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
(3) Not Guilty.
Our emphasis.
La. R.S. 14:27 provides in part:
(A) Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
. . .
(C) An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
Our emphasis.
This record is crystal-clear that Dew committed the crime of DWI 4th offense. No question. The jury cut him a huge break with this obvious compromise verdict.
A jury should be allowed to compromise on any of the possible verdicts included in the charge delivered by the trial court, so long as there is ample proof of the actual offense charged. The jury here showed Dew mercy in an unusual finding. Just because the verdict is unusual and undeserved, however, does not mean that the verdict is illegal.

*292 DECREE
The defendant's conviction and sentence are AFFIRMED.
BROWN, C.J., dissents with written reasons.
BROWN, C.J., dissenting.
The instant case is unusual in that the jury convicted defendant not as charged but of attempt to operate a vehicle while intoxicated, fourth offense. This is a case of first impression. There is only one reported case of a defendant charged with DWI being convicted of attempted DWI, State v. Dumas, 96-2748 (La.App. 1st Cir.11/07/97), 703 So.2d 112, and in that case, the defendant did not complain of any irregularity relating to the offense itself. There are no cases in which a defendant was charged with attempted DWI. We simply have no jurisprudential history in Louisiana to assist us in answering whether attempted DWI is a crime.
A recitation of the facts is necessary. Shortly after 11:00 a.m. on November 9, 2005, defendant was observed speeding (85 m.p.h.) northbound on U.S. Hwy. 171 in DeSoto Parish, Louisiana. A state police trooper clocked defendant's speed on radar. The trooper noted that defendant smelled slightly of alcohol, somewhat failed nystagmus and field sobriety tests, and at 12:12 p.m. registered a blood alcohol level of 0.07 grams/percent. The state established defendant's prior convictions for DWI.
In the instant case, defendant concedes his operation of the vehicle, but he denies impairment. He argues that because his blood alcohol level was .07% that the jury did not conclude that he was intoxicated but, following the judge's instructions, found him guilty of attempt. The state argues that but for the attempt instructions the jury would have found defendant guilty as charged.[1]
The crime of DWI has two essential elements. First, the offender must be operating a vehicle and second, the operation must occur while the offender is intoxicated (as defined by statute). La. R.S. 14:98. DWI is a general intent crime: if one is operating a vehicle and most importantly, if that operation occurs while one is intoxicated, culpability attaches regardless of intent. Operating a motor vehicle is not against the law; what makes it a crime is that the operation occurs while the offender is intoxicated. It is a strict liability offense in that there is no requirement for the state to prove that an offender intended to be intoxicated.
An "attempt" requires two necessary elements. La. R.S. 14:27(A). First, the defendant must have been acting with a specific intent to commit the crime (in this case, DWI), and, second, he must have engaged in an overt act which constitutes a step toward commission of that crime. La. R.S. 14:27(B) further provides that mere preparation to commit a crime shall not be sufficient to constitute an attempt. An overt act is more than mere preparation.
Legislative Policy
As stated, DWI does not require an intent to violate the law. An attempt, however, always requires a specific intent to commit the crime. One cannot consciously intend to commit criminal negligence.[2]
*293 In La. C. Cr. P. article 814, the legislature listed the only responsive verdicts for certain offenses. An "attempt" is not included as a responsive verdict for negligent homicide, vehicular homicide, vehicular negligent injury and first degree vehicular negligent injury. Significantly, vehicular negligent injury and first degree vehicular negligent injury are DWI offenses causing injury or serious injury. Thus, DWI is listed as a responsive verdict for both, but "attempted" DWI is not.
In addressing the social problem of drunk driving, the legislature enacted carefully crafted integrated statutes. These statutes prohibit certain unintended conduct. The legislature did not contemplate a separate offense for an "attempted" DWI.[3]
Operating a Vehicle
An attempt requires an overt act. Mere preparation is not sufficient. In State v. Pooler, 96-1794 (La.App. 1st Cir.05/09/97), 696 So.2d 22, 45-46, writ denied, 97-1470 (La.11/14/97), 703 So.2d 1288, the court stated:
A mere statement of an intent to commit a crime does not become a criminal attempt or a conspiracy unless it is accompanied by some overt act. LSA-R.S. 14:26, 14:27. Criminal conspiracy or attempt requires that, in addition to the agreement to commit a crime, one or more of the parties must do something in furtherance of that agreement.
See also State v. Baxley, 93-2159 (La.02/28/94), 633 So.2d 142.
The breadth and scope of the word "operating" would subsume the overt act essential for "attempt." "Operation" does not require movement or that the act have any effect on the engine. It is sufficient that the offender exercised some control or manipulation over the vehicle.[4]
While Intoxicated
The majority opinion focuses its analysis on an attempt to operate a vehicle and ignores the question of intoxication. If attempt applies to the impairment element then a person who drinks and drives could arguably be convicted of an attempt to drive while intoxicated even if not impaired or intoxicated. For example, this would include a person who consumes a beer or glass of wine in a restaurant and then drives home. Such an interpretation is overbroad. In DWI offenses, the legislature has drawn impairment/intoxication as the line between criminal and non-criminal behavior. To criminally charge someone with attempted DWI who is not intoxicated crosses the line.
Error Patent
The majority opines that because no objection was made to the jury instructions, the jury could return any verdict permitted by the trial court, even if it is not an offense or a lesser offense. When the offense of which defendant has been convicted is not an offense or even a lesser *294 included offense of the crime charged, the trial court has no jurisdiction to enter a judgment of conviction for that non-offense. In exactly that situation, our supreme court has found error patent in a conviction for attempted jury tampering. See State v. Campbell, 95-1409 (La.03/22/96), 670 So.2d 1212.

Conclusion
Under these circumstances, the trial court improperly instructed the jury on attempt and erred in listing attempted DWI, fourth offense, as a responsive verdict. There is no double jeopardy bar to defendant's retrial after being convicted of a non-crime. See State v. Mayeux, 498 So.2d 701 (La.1986); State v. Arita, 01-1512 (La.App. 4th Cir.02/27/02), 811 So.2d 1146; State v. Nazar, 96-0175 (La.App. 4th Cir.05/22/96), 675 So.2d 780. I would reverse defendant's conviction and sentence and remand the matter to the trial court for a new trial.
NOTES
[1] It is arguable that if attempted DWI is possible at all, the jury should also have been informed that they could return with these additional verdicts: attempted DWI 3rd, attempted DWI 2nd, and attempted DWI. Another argument would be that the jury should never have been charged with the possibility of coming back with any of the attempts. Regardless, if the defendant had a problem with the charge, he should have made an objection for the record.
[2] Inciting to riot is the endeavor by any person to incite or procure any other person to create or participate in a riot. La. R.S. 14:329.2. (Emphasis added).
[1] Of course, we do not know which assumption is valid. Clearly, the state should have objected to the instruction on attempt. Thereafter, had the trial court refused to give such an attempt instruction, I suggest that defendant would have been convicted as charged, and this court would have affirmed said conviction.
[2] La. R.S. 14:12 provides that criminal negligence exists when, although neither specific nor general criminal intent is present, there is such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.
[3] As noted by the majority opinion some states have explicitly included attempted DWI in the definition of DWI. Obviously, this was not contemplated in Louisiana's detailed statutory scheme. The highest court of states with similar statutes as Louisiana have found attempted DWI not to be a legally cognizable crime. Strong v. Texas, 87 S.W.3d 206 (Tex. App.-Dallas 2002, pet. ref'd.); People v. Prescott, 95 N.Y.2d 655, 722 N.Y.S.2d 778, 745 N.E.2d 1000 (2001).
[4] The scenario portrayed by the majority opinion involves statements of intent until the time the offender took control of the vehicle.