STEWART, J.,
dissenting.
| ]Rather than address the assignment of error presented for review, the majority opts to set aside a guilty plea that no one has challenged without finding error patent or affording the litigants the opportunity to be heard.
This is not an instance where the state has charged the defendant with an offense that does not exist under our law or where a judge or jury has found the defendant guilty of such offense following a trial. Rather, the defendant’s knowing and voluntary guilty plea to attempted failure to register as sex offender was agreed to by the state and approved by the trial court. Plea agreements such as this one allow for the expeditious and mutually beneficial resolution of many criminal cases that crowd the dockets of the lower courts. This opinion shackles the state’s prosecutors by limiting the scope of possible plea agreements they may offer. It also ignores the limitations of appellate review of an agreed disposition.
A person may be convicted of an attempt to commit a crime even when it appears that he actually perpetrated the crime. La. R.S. 14:27(C). Courts are free to accept a defendant’s knowing and voluntary guilty plea to an offense that is not responsive to the billed offense. State v. Jackson, 2004-2863 (La.11/29/05), 916 So.2d 1015. See also La. C. Cr. P. art. 487(B). I would also note that this court has previously affirmed a jury verdict finding the defendant guilty of attempted DWI 4th offense even though it was not a responsive verdict to the charged offense of DWI 4th and, arguably, is not a recognized crime. State v. Dew, 42,392 (La.App.2d Cir.10/17/07), 968 So.2d 288 (Brown, C.J., dissenting for similar reasons as expressed in this majority opinion.)
I believe that the plea at issue is not wholly inconsistent with our law. Therefore, I dissent.