SEXTON, J. (Ad Hoc).
LThe defendant, J.W. Desadier,[1] pled guilty to one count of attempted simple rape pursuant to a plea agreement that included a recommended sentence of seven *1194 years at hard labor, six years suspended, four years of supervised probation, with credit for time served. The trial court accepted the plea and sentenced the defendant in accordance with the plea agreement. This appeal followed. Seeking to withdraw, the defendant’s appellate counsel filed an Anders/Benjamin[2] brief in this court, stating that she could find no non-frivolous issues to raise on appeal. For the following reasons, we grant the motion to withdraw and affirm the defendant’s conviction and sentence.
FACTS
The 73-year-old defendant was charged by bill of information with one count of forcible rape, contrary to La. R.S. 14:42.1(A)(1). Pursuant to a plea agreement, the defendant entered a plea of guilty to one count of attempted simple rape, violations of La. R.S. 14:43 and La. R.S. 14:27. The state originally offered to allow the defendant to plead guilty to simple rape with a recommended sentence of seven years at hard labor, with six years suspended, four years of supervised probation, and credit for time served. At the time of the guilty plea on June 25, 2012, the defendant had served 10 months in jail.
The defendant was fully informed of the sex offender registration requirements as provided in La. R.S. 15:543. His attorney went, over the forms with him, and the defendant signed the forms. The state then agreed to allow |2the defendant to plead guilty to attempted simple rape with the same recommended sentence.
The factual basis for the charge of attempted simple rape was stated on the record at the guilty plea hearing. On August 15, 2011, the defendant attempted to have vaginal intercourse with the victim, without the lawful consent of the victim and the victim was prevented from resisting the act by force or threats of physical violence. The defendant admitted the facts and stated that he was pleading guilty because he was guilty.
After advising the defendant of the rights waived by pleading guilty and the penalty range for attempted simple rape, the trial court accepted the plea as freely and voluntarily made and imposed the recommended sentence. The defendant sent a letter to the trial court saying that he wanted to appeal his case. He claimed that he-' pled guilty with the agreement that he would receive five years, with four years suspended, and credit for time served. He argued that he did not agree to the sex offender registration requirements. The trial court granted the motion for appeal and appointed the Louisiana Appellate Project to represent the defendant on appeal.
ANDERS BRIEF
The defendant’s appellate counsel filed a motion to withdraw, together with an Anders brief which alleges that she could not find any nonfrivolous issues to raise on appeal. See Anders v. California, supra; State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; State v. Benjamin, supra. The brief outlined the procedural history of the case and the recitation of facts presented at the guilty plea | shearing. The brief also contained a “detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” State v. Jyles, supra. Defense counsel further verified that she mailed copies of the motion to withdraw and the brief to the defendant, in *1195 accordance with the Anders, Jyles, Mouton, and Benjamin cases.
The state filed a letter concurring that there are no nonfrivolous issues to raise on appeal. On December 20, 2012, this court rescinded the previously fixed pro se briefing deadline and notified the defendant that he could file a brief in this appeal within 30 days of the order and request to view the appellate record within 10 days of the date of the order.
On December 27, 2012, the defendant filed a letter with this court, not raising any assignments of error, but arguing that he was not guilty of the charges against him. He said he entered the guilty plea in order to get out of jail.
DISCUSSION
This court has conducted an error patent review of the appellate record and no errors patent were found. The bill of information and arraignment were correctly done. There were no errors patent found in the guilty plea or sentencing proceedings. The defendant was fully informed of the charge against him and the rights waived by a plea of guilty. The defendant was advised on the record that he would have to comply with the sex offender registration requirements. The defendant was given time to confer with his attorney about those requirements. The defendant signed the required |4documents. The defendant knowingly and voluntarily pled guilty, stating that he was guilty of the charges.
The conviction is fully supported by the facts stated on the record and admitted in court by the defendant. See La. C. Cr. P. art. 894.1. The defendant was sentenced to the recommended sentence. Where a specific sentence or sentencing cap has been agreed upon as a consequence of a plea bargain, as in the case sub judice, a sentence imposed within the agreed range cannot be appealed as excessive. See La. C. Cr. P. art. 881.2; State v. Smith, 39,719 (La.App.2d Cir.5/11/05), 903 So.2d 598; State v. McQuarters, 44,074 (La.App.2d Cir.4/8/09), 8 So.3d 822. Furthermore, the record supports the sentence imposed.
CONCLUSION
For the reasons stated above, we find that there are no nonfrivolous issues to raise on appeal. We also find no errors patent. Consequently, the motion to withdraw filed by the defendant’s appellate counsel is granted, and the defendant’s conviction and sentence are affirmed.
MOTION TO WITHDRAW GRANTED; CONVICTION AND SENTENCE AFFIRMED.

. The record in this case lists the defendant’s name as John W. Desadier. At his guilty plea colloquy, he told the court that his name was J.W. Desadier, not John Desadier.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990).