NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-1050

STATE OF LOUISIANA

VERSUS

TIMOTHY RAY MILLER

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 155122
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

VAN H. KYZAR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Van H. Kyzar, and Candyce G. Perret, Judges.

AFFIRMED.

Chad M. Ikerd
Louisiana Appellate Project
P. O. Box 2125
Lafayette, LA 70502-2125
(225) 806-2930
COUNSEL FOR DEFENDANT/APPELLANT:
    Timothy Ray Miller

Keith A. Stutes
District Attorney
Cynthia K. Simon
Royale L Colbert, Jr
Assistant District Attorneys
Fifteenth Judicial District
P. O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE:
    State of Louisiana

**KYZAR, Judge.**

Defendant, Timothy Ray Miller, appeals his sentence of ten years with the Louisiana Department of Corrections following a guilty plea pursuant to a plea agreement, which included an agreement for a sentencing range of four to ten years. For the reasons herein, we affirm.

## DISCUSSION OF THE RECORD

On January 25, 2016, Defendant was charged with hit and run driving involving death or serious bodily injury, in violation of La.R.S. 14:100(C)(2), and careless operation of a motor vehicle, in violation of La.R.S. 32:58.

The facts which led to the charges were set forth in the record through the sentencing testimony of the daughter of the victim of the crime, who was the driver of the car struck by Defendant, and Defendant himself. While driving a co-worker home after work on a Friday evening, Defendant took his eyes off the road to see why the co-worker, a talkative fellow, was not talking. When his eyes returned to the road, he saw taillights before he rear-ended the vehicle. Defendant then drove his vehicle to a nearby billiards hall and abandoned it. Defendant testified that he did not recall leaving his vehicle, as the next thing he remembered was running through a patch of woods while speaking to his boss on his cellphone. Defendant turned himself in to the police the following day, after he learned that a passenger in the vehicle he hit, Ingrid Carolina Reichle, had died from the accident.

On February 2, 2017, Defendant entered a guilty plea to the hit and run driving charge, in exchange for the State dropping the careless operation charge, agreeing not to charge him as a habitual offender, and agreeing to a sentencing range of four-to-ten years at hard labor. The plea agreement also stated that Defendant would be given credit for time served from a particular date and that his sentence would run concurrently with any other sentence he may have to serve as a

result of prior crimes. In addition, the agreement stated that a Pre-Sentence Investigation ("PSI") would be ordered for purposes of the actual sentencing. Following the preparation and receipt of the PSI, Defendant was sentenced to the maximum of ten years at hard labor on June 12, 2017. Defendant gave a non-specific objection at that time. On June 19, 2017, Defendant filed a "Motion to Reconsider Sentence," asking the trial court to reconsider his ten-year sentence on the ground that it failed to consider all mitigating factors during sentencing, when it focused on the death resulting from the accident and on his previous drug problems. That motion was denied without hearing on June 26, 2017.

Defendant now appeals, claiming the ten-year maximum sentence is constitutionally excessive.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.

**OPINION**

In his sole assignment of error, Defendant argues that his ten-year sentence "was excessive as neither he nor his case were the worst of the worst." Defendant acknowledges that La.Code Crim.P. art. 881.2(A)(2) prohibits a defendant from seeking review of a sentence imposed in conformity with an agreed upon sentencing range, but argues that this court's ruling in *State v. Moten*, 14-1169 (La.App. 3 Cir. 3/4/15), 158 So.3d 972, *writ denied*, 15-609 (La. 2/5/16), 186 So.3d 1162, stands for the proposition that a statutory maximum sentence within a plea range could not be prohibited from review on appeal. However, we find that this is a misinterpretation of our ruling in *Moten*.

2

In *Moten*, the court stated:

> Because the State fails to indicate in the record any agreement with Defendant regarding a sentencing cap, the State is evidently arguing that the ninety-nine year maximum per La.R.S. 14:64 is tantamount to a sentencing cap. However, this court has repeatedly denied the contention that the statutory maximum sentence for a crime is a sentencing cap which would preclude a defendant from appealing their sentence under La.Code Crim.P. art. 881.2(A)(2).

158 So.3d at 974.

In *Moten*, the state and the defendant could not reach any agreement regarding sentence, other than that the defendant would not be charged as a habitual offender. Indeed, the trial court specifically acknowledged the failure of the parties to reach an agreed-upon sentence in ordering a PSI. This court's ruling in *Moten* merely reflected the long-standing jurisprudential rule that the mere presence of a statutory-maximum sentence in a criminal statute pled to by a defendant does not mean that he has agreed to that maximum as being an agreed sentence for his plea under La.Code Crim.P. art. 881.2(A)(2).

In the case *sub judice*, Defendant specifically agreed to a sentencing range of no less than four years and up to a maximum of ten years. This agreement was recognized in open court during his plea and in the written plea agreement. Additionally, Defendant's sentencing memorandum specifically states that "[a]s part of the plea agreement, a Presentence Investigation was ordered, with a potential sentence range of **four (4) to ten (10) years at hard labor** on one count of Hit and Run." There is no question that Defendant agreed upon a sentencing range that included the statutory maximum sentence for his crime.

As the first circuit stated in *State v. Smith*, 99-946, p. 4 (La.App. 1 Cir. 2/18/00), 755 So.2d 351, 353, "considering the plea agreement as to the maximum sentences which could be imposed, we find that defendant is precluded from

3

seeking review of the sentences imposed." The defendant in *Smith* was charged with first degree murder, but agreed to plead guilty to manslaughter and armed robbery, with the understanding that he would receive the statutory maximum sentence of forty years for the manslaughter conviction and a maximum of fifty years for the armed robbery conviction. He was subsequently sentenced to those exact sentences and sought review. That is exactly the case here. Defendant agreed to plead guilty pursuant to a specific plea agreement, resulting in the dismissal of another charge and an agreement by the state to forgo habitual offender proceedings, with a sentence to be imposed at the discretion of the trial court of between four and ten years at hard labor. Defendant's misinterpretation of *Moten* is fatal to his argument, and he is precluded from seeking review of his sentence under La.Code Crim.P. art. 881.2(A)(2).

## DECREE

For the reasons assigned, Defendant's sentence is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.